IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MIRANDA WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-182 |
| | ) | |
| SEAN PETRO; ANTHONY W. WRIGHT; STEVEN CUMMINGS; STEVEN W. FLYNT; and COLUMBIA COUNTY BOARD OF EDUCATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Upon identifying pleading deficiencies in the original complaint, the Court afforded Plaintiff an opportunity to amend her complaint. (See doc. no. 4.)

I.   **Screening the Amended Complaint**

A.   **Background**

Plaintiff names five Defendants, all of whom Plaintiff states work in the human resource department and/or hold administrative positions with the Columbia County Board of Education: (1) Sean Petro, Assistance Chief Human Resources Officer; (2) Anthony W. Wright, Chief Human Resources Officer; (3) Steven Cummings, Assistant Superintendent;

(4) Steven W. Flynt, Superintendent; and (5) Columbia County Board of Education. (Doc. no. 8, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts, are as follows.

Plaintiff worked as a substitute teacher in Columbia County but was terminated based on allegations she used profanity at three different schools: Harlem High School, Cedar Ridge Elementary School, and Riverside Elementary School. (Id. at 10-11, 15.) Plaintiff tried to explain additional circumstances about the incidents at each school: unruly students at Harlem High School, a disagreement with her sister over seeing Plaintiff's niece at Cedar Ridge Elementary, and attempting to stop a fight, along with a disagreement over pay, at Riverside Elementary. (Id. at 10-11.) When Defendant Petro did not provide satisfactory responses to Plaintiff's entreaties that her performance as a substitute teacher had been unfairly disparaged, Plaintiff next tried to speak with Defendant Cummings, who told her she would not be able to work in Columbia County schools as a substitute teacher because Defendant Petro told him she had used "in appropriate [sic] language versus profanity." (Id. at 11.)

Dissatisfied with the response from Defendant Cummings, Plaintiff followed his instructions to contact Defendant Wright. After listening to Plaintiff's explanation of why she had been wrongfully terminated, Defendant Wright said he would get back in touch with her. (Id.) Hearing nothing, Plaintiff sent an email to Defendant Wright, who explained he had obtained additional information to investigate, but he would get back in touch with Plaintiff. (Id. at 11-12.) When Plaintiff followed up with Defendant Wright, he explained to her that he had been told she worked at Cedar Ridge Elementary after being told she could not go back to that school. (Id. at 12.) Defendant Wright did not respond to Plaintiff's email

2

providing information to dispute working at Cedar Ridge Elementary as alleged, but instead, Defendant Petro called Plaintiff and told her she was no longer allowed to work as a substitute teacher in Columbia County but "could check back in the summer of 2024." (Id.) Plaintiff then sent an email to Defendant Flynt "expressing [her] outrage," but he said he was not changing the employment decision. (Id.)

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on her African-American race and based on her age of forty-seven years. (Id. at 9.) The EEOC closed the charge because the facts alleged failed to state a claim under any laws within its purview to enforce. (Id. at 7.) The dismissal informed Plaintiff of her right to sue, (id.), and this lawsuit followed. Plaintiff does not list a specific amount of damages sought, but she states her current substitute teaching at a lower pay rate in Richmond County does not provide sufficient income to cover her expenses. (Id. at 14.)

### B. Discussion

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

3

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

  **2.**  **Plaintiff Fails to State a Valid Claim for Relief**

Plaintiff's amended pleading fails to state a valid claim for relief for multiple reasons, several of which were explained in the Court's prior Order directing her to file an amended

4

complaint, (doc. no. 7.)  First, Plaintiff names multiple individual Defendants in addition to her former employer, the Columbia County Board of Education.  (See generally doc. no. 8.)  However, as the Court previously explained, neither Title VII of the Civil Rights Act of 1964 ("Title VII") nor the Age Discrimination in Employment Act of 1967 ("ADEA") countenances individual liability.  Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (*per curiam*) (citing Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996)).  Any relief granted is against the employer, not individual employees.  See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (*per curiam*).  Thus, Plaintiff's individual capacity claims are inappropriate, and the only proper defendant is the employer or supervisory employees in their official capacities as agents of the employer.  Id.

Moreover, to the extent Plaintiff names Defendants Petro, Wright, Cummings, and Flynt in their official capacities as supervisory employees, her claims are redundant because she has already named the employer, Columbia County Board of Education.  See Busby, 931 F.2d at 776; Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action." (citations omitted)).  Thus, Plaintiff's claims against the individual Defendants in either capacity are inappropriate or redundant, and because Plaintiff fails to state a valid claim upon which relief can be granted against Defendants Petro, Wright, Cummings, and Flynt, they are subject to dismissal.

Second, Plaintiff states she is suing for racial, gender, and age discrimination.  (Doc. no. 8, p. 4.)  However, her EEOC charge alleges only racial and age discrimination.  (Id. at 9.)  "Before an employee may sue in federal court under Title VII or the ADEA, [s]he must first file a charge of discrimination with the EEOC."  Scott v. Piedmont Columbus Reg'l Hosp.,

5

806 F. App'x 954, 955 (11th Cir. 2020) (*per curiam*) (citing 42 U.S.C. § 2000e-5(b) & (f)(1); 29 U.S.C. § 626(d)(1)).  The substance of the EEOC charge is important because "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994) (citation omitted).  Moreover, the Eleventh Circuit "has noted that judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate."  Gregory v. Ga. Dep't of Hum. Res., 355 F.3d 1277, 1279–80 (11th Cir. 2004) (*per curiam*) (quoting Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)).  As Plaintiff did not raise a gender discrimination claim in her EEOC charge, any such claim is not properly before the Court.

Third, even if Plaintiff had raised an allegation of gender discrimination in her EEOC charge or the gender allegations could be deemed related to the EEOC charge, Plaintiff fails to provide the necessary detail about *any* alleged discrimination in her amended complaint. Plaintiff can sufficiently allege a race or age discrimination claim by alleging that she was (1) a member of the protected class; (2) that she was qualified for her position; (3) that she was terminated; and (4) that she was treated less favorably than a similarly situated individual outside her protected race or age class, or that her former position was filled by a person outside her protected race or age class.  See Lewis v. Cty. of Union Cty., Ga., 918 F.3d 1213, 1220-21 (11th Cir. 2019) (*en banc*); Flowers v. Troup Cnty., Ga., Sch. Dist., 803 F.3d 1327, 1336 (11th Cir. 2015); Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003); Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000); see also Cooper v. Ga. Dep't of Transp., 837 F. App'x 657, 667 (11th Cir. 2020) (*per curiam*) (explaining

evaluation of similarly situated comparator is case-specific but comparator usually "will have: (1) engaged in the same basic conduct or misconduct; (2) been subject to the same employment policy, guideline, or rule; (3) ordinarily have the same supervisor; and (4) shared a similar employment or disciplinary history." (citing Lewis, 918 F.3d at 1227-28)).

Here, Plaintiff has not alleged that she was treated less favorably than a similarly situated individual outside her protected class or that her position as a substitute teacher was filled by a person outside her protected class. Indeed, Plaintiff has made no allegations about how anyone else may have been treated relative to her circumstances, and she makes no allegations regarding anyone who may have replaced her as a substitute teacher in Columbia County. Rather, she alleges race discrimination because she had to communicate with four males about her situation. (Doc. no. 8, p. 13.) She makes no specific allegation regarding her age discrimination claim, and does not provide her age in the amended complaint where required by the form, (id. at 4); rather, her age is apparent only from examining the EEOC charge, (id. at 9).

In sum, Plaintiff has improperly named individual Defendants when she has also named her employer as a Defendant, and she has attempted to raise a gender discrimination claim that does not appear in her EEOC charge. In addition to these procedural issues, Plaintiff substantively fails to state a claim for any type of discrimination because she has not alleged anyone outside her protected class replaced her or was treated more favorably under the same circumstances as those in which Plaintiff found herself. Because, even after having an opportunity to amend her complaint to correct pleading deficiencies, Plaintiff fails to provide sufficient facts supporting any of her employment discrimination claims, she fails to state a claim upon which relief can be granted, and this case should be dismissed.

7

## II. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** because it fails to state a claim upon which relief can be granted, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of February, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA